```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-20-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA        :
                                :
     -against-                  :        No. 10 Cr. 136 (JFK)
                                :        **Memorandum Opinion and Order**
RAFAEL LOPEZ,                   :
                                :
          Defendant.            :
-------------------------------X

**JOHN F. KEENAN, United States District Judge:**

On April 1, 2010, Defendant Rafael Lopez ("Lopez" or "Defendant") pleaded guilty to a single count Indictment charging illegal reentry into the United States following his deportation due to the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). At sentencing on June 14, 2010, the Court adopted the United States Sentencing Guidelines ("U.S.S.G.") calculations in the Pre Sentence Report, finding the applicable total offense level to be 17 (pursuant to U.S.S.G. §§ 2L1.2, 3E1.1) and the criminal history category to be III (pursuant to U.S.S.G. §§ 4A1.1(a), (d), (e), 4A1.2(c), (e)). Lopez was sentenced to 30 months' imprisonment, the lowest end of the Guidelines range. In a summary order issued as mandate on July 8, 2011, the Court of Appeals affirmed Lopez' sentence. See United States v. Lopez, No. 10-2477-cr, 2011 WL 2356477 (2d Cir. June 15, 2011).

On January 21, 2011, while his direct appeal was pending, Lopez moved, pro se, for a reduction of his sentence pursuant to

1

18 U.S.C. § 3582(c)(2) in light of the November 1, 2010 amendments to the Guidelines.  Lopez does not indicate any particular amendment that may be applicable.  However, he does request that the Court consider his age, mental and emotional conditions, physical conditions, and military service under U.S.S.G. § 5H - most likely a reference to Amendment 739, which revises the policy statements in § 5H.  Lopez also requests that he be considered for "the specific departures and variance."  Construing this pro se motion to raise the strongest grounds possible, the Court interprets this application as a reference to Amendment 740, which concerns downward departures in illegal reentry cases based on the defendant's cultural assimilation, and Amendment 742, which eliminates recency points from criminal history category calculations.  See U.S.S.G. Supp. to Appendix C (2010).

> Section 3582(c)(2) provides that
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"The statute thus establishes a two-step inquiry.  A court must first determine that a reduction is consistent with § 1B1.10 [the applicable policy statement] before it may consider whether

2

the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." <u>Dillon v. United States</u>, 130 S. Ct. 2683, 2691 (2010). However, U.S.S.G. § 1B1.10(a)(2)(A) cautions that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if none of the amendments listed in subsection (c) is applicable to the defendant." As none of the November 1, 2010 amendments, including Amendments 739, 740, and 742, are enumerated in U.S.S.G. § 1B1.10(c), retroactive application of these amendments would be inconsistent with Sentencing Commission policy. <u>See</u> <u>United States v. Pena</u>, No. 09 Cr. 1020, 2011 WL 1097394 (S.D.N.Y. Mar. 23, 2011) (denying motion for reduction of sentence premised on Amendments 739 and 740); <u>United States v. Cabrera</u>, No. 05 Cr. 1008, 2011 WL 476616 (S.D.N.Y. Feb. 9, 2011) (denying motion for reduction of sentence premised on Amendment 742). Accordingly, the Court lacks authority to modify Defendant's sentence, and the motion for a reduction of sentence is denied.

**SO ORDERED.**

Dated:   New York, New York
         July 20, 2011

*[signature: John F. Keenan]*
John F. Keenan
United States District Judge

3